# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

JENNIFER Y. LOPEZ, JAEN E.          :
LOPEZ, and JULIA B. LOPEZ,          :
                                    :
      Plaintiffs,                  :
                                    :      CIVIL ACTION NO.
      v.                           :      1:12-CV-03590-RWS
                                    :
BANK OF AMERICA, N.A., BAC          :
HOME LOANS SERVICING, LP,           :
MORTGAGE ELECTRONIC                 :
REGISTRATION SYSTEMS,               :
INC., PINE STATE MORTGAGE           :
CORPORATION, ALDRIDGE               :
CONNORS, LLP,                       :
                                    :
      Defendants.                  :

## <u>ORDER</u>

This case comes before the Court on Motions for Temporary Restraining Order [2] [10], Motion in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint [8], Motion for Declaratory Relief [3], and Motion for Declaratory Relief to Set Aside Foreclosure for Injunctive Relief and Petition for Quiet Title [9] filed by Plaintiffs Jennifer Y. Lopez, Jaen E. Lopez, and Julia B. Lopez (collectively "Plaintiffs"), as well as a Motion to Dismiss [5] filed by Defendants Bank of America, N.A ("BANA") and Mortgage Electronic

Registration Systems, Inc. ("MERS") (collectively "Bank Defendants"), and a

Motion to Dismiss [13] filed by Defendant Aldridge Connors, LLP ("Aldridge

Connors").  After reviewing the record, the Court enters the following order.

## Background

This case arises out of alleged foreclosure proceedings regarding property

located at 2597 Grayton Loop, Villa Rica, Georgia 30180 (the "Property").

(Complaint for Permanent Injunction for Cease and Desist Any and All Action

of Foreclosure; and Other Equitable Relief ("Complaint"), Dkt. [1-1] at 8 of

50.)  On March 20, 2007, Plaintiffs obtained a loan from Pine State Mortgage

Corporation ("Pine State") in the amount of $207,139.00 (the "Loan").

(Compl., Ex. B ("Security Deed"), Dkt. [1-2] at 2 of 11.)[1]  To secure repayment

of the loan, Plaintiffs executed a Security Deed (the "Security Deed")

conveying the property to Mortgage Electronic Registration Systems ("MERS")

---

[1] The Court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed filed in the Superior Court of Douglas County, when considering a motion to dismiss.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1280 (11th Cir. 1990).  This does not convert the motion into one for summary judgment.  Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

2

as nominee for Pine State.  (Id.)  The Security Deed was recorded in the real

property records of Douglas County, Georgia, on March 26, 2007.  (Id.)  On

November 29, 2011, the Security Deed was assigned to Bank of America, NA.

(Defenses and Protective Answer to Notice of Removal, Ex. 3 ("Assignment of

Security Deed"), Dkt. [12-3] at 1 of 1.)

   Plaintiffs originally filed this suit in the Superior Court of Douglas

County, Georgia on August 20, 2012, alleging the following claims: (1) "Set

Aside Foreclosure Attempt" (Count I) (compl., Dkt. [1-1] at 9-10 of 50); (2)

wrongful foreclosure (Count II) (id. at 10-12 of 50); (3) breach of covenant or

agreement (Count III) (id. at 12-13 of 50); (4) negligent servicing (Count IV)

(id. at 14-15 of 50); and (5) fraud (Count V) (id. at 15-18 of 50).  On October

15, 2012, Bank Defendants removed this case from the Superior Court of

Douglas County to the Northern District of Georgia pursuant to 28 U.S.C. §§

1331, 1332, 1367, 1441, and 1446.  (Not. of Removal, Dkt. [1] at 1 of 19.)

Subsequently, Bank Defendants [5] and Aldridge Connors [13] filed separate

motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6).  These motions are currently before the Court.

AO 72A
(Rev.8/82)

## Discussion

**I.     Aldridge Connors' Motion to Dismiss [13]**

The Court agrees with Aldridge Connors that the Complaint against it is due to be dismissed because Aldridge Connors is not a proper party to this action.  (Aldridge Connors' Br. Supp. Mot. to Dismiss ("Aldridge Connors' Br."), Dkt. [13-1] at 6 of 25.)

As stated in the Background section, supra, Plaintiffs claims arise out of alleged foreclosure proceedings initiated by BANA.  Aldridge Connors was only involved in the alleged proceedings insofar as it acted as counsel for BANA.  Aldridge Connors is not the holder of the Security Deed and did not service the loan.  (See generally Compl., Ex. B ("Security Deed"), Dkt. [1-2].) Thus, Aldridge Connors is not a proper party to this case.  See McCalla, Raymer, Padrick, Cobb, Nichols & Clark v. C.I.T. Financial Services, Inc. et al., 508 S.E.2d 471, 472 ("the proper party to any claim for wrongful foreclosure is not [the creditor's counsel]; it is [ ] the foreclosing creditor and holder of the note and security deed on the property.")  Accordingly, Aldridge Connors' Motion to Dismiss [13] is **GRANTED**.

AO 72A
(Rev.8/82)

## II.     Bank Defendants' Motion to Dismiss [5]

A.     Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted); Bryant, 187 F.3d at 1273 n.1.  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Twombly, 127 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule

5

with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." <u>Id.</u> at 556.  The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." <u>Id.</u>

Additionally, because Plaintiffs are acting <u>pro se</u>, their "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635, 637 (11th Cir. 2010).  Utilizing this framework, the Court considers Bank Defendants' Motion to Dismiss.

B.      Analysis

As a preliminary matter, the Court notes that the Complaint is comprised primarily of legal conclusions and contains few factual assertions.  Bank Defendants argue that the entire Complaint should be dismissed for failure to comply with the basic pleading requirements of Rule 8(b), <u>Twombly</u>, and <u>Iqbal</u>.

6

While Plaintiffs have filed a response, the response fails to clarify the allegations in the Complaint and argues only that "Defendant's Motion to Dismiss should be converted to a Motion for Summary Judgment. (Pls.' Br. in Opp. to Bank Defs.' Mot. to Dismiss, Dkt. [8] ¶ 5.) However, in deference to Plaintiffs' pro se status, the Court will consider the merits of Plaintiffs' claims.

### 1.    *Set Aside the Foreclosure Attempt (Count I)*

In Count I, Plaintiffs ask the Court to "set aside the foreclosure sale." (Compl., Dkt. [1-2] at 10 of 50.) It appears that Plaintiffs are challenging Bank Defendants' right to foreclose on the property. Bank Defendants move to dismiss this claim on the grounds that no foreclosure sale has occurred and that, through assignment of the Security Deed, BANA has the power to institute foreclosure proceedings. (Bank Defs.' Mot. to Dismiss and Incorporated  Mem. of Law ("Bank Defs.' Mem."), Dkt. [5] at 9-10 of 25.)

The Court agrees with Bank Defendants that Plaintiffs have failed to state a claim in Count I. First, it appears that no foreclosure sale has taken place. Consequently, there is nothing for the Court to set aside. Second, the Security Deed expressly provides: "[Plaintiffs do] hereby grant and convey to MERS (solely as nominee for [Defendant Pine State] and [Defendant Pine State]'s

7

successors and assigns) and the successors and assigns of MERS, with power of sale." (Not. of Removal, Dkt. [1] Ex. B ("Security Deed") at 2 of 11.) Furthermore, the Security Deed was properly assigned to BANA on November 29, 2011. (Bank Defs.' Mem., Dkt. [5] Ex. C ("Assignment of Security Deed") at 2 of 2.) Accordingly, the Court finds that Bank Defendants have the authority, upon Plaintiffs' default, to foreclose on the Property.

For the reasons stated above, Count I fails to state a claim upon which relief may be granted and is **DISMISSED**.

## 2.    *Wrongful Foreclosure (Count II)*

In Count II, Plaintiffs assert a claim for wrongful foreclosure. To state a claim for wrongful foreclosure under Georgia law, a plaintiff must establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Gregorakos v. Wells Fargo Nat'l Ass'n, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007).

In the Complaint, Plaintiffs conclude that "[BANA] owed a duty to [Plaintiffs]" and that "[BANA] breached and violated this duty to [Plaintiffs] by denying Plaintiffs the right to reinstate their mortgage," but Plaintiffs fail to

AO 72A
(Rev.8/82)

provide any factual assertions supporting these conclusions.  (Compl., Dkt [1-1]
at 10-11 of 50.)  Plaintiffs go on to allege that "Defendants failed to give
Plaintiffs notice pursuant to paragraph 22 of Security Deed," that "Defendants
failed to inform Plaintiff of their right to reinstate or the right to bring a court
action pursuant to paragraph 22 of the Security Deed," and that "Defendants
falsely advertised the sale of [the Property]."  (Compl., Dkt. [1-2] at 11 of 50.)

Based on these allegations, it appears that Plaintiffs have misconstrued
Paragraph 22 of the Security Deed, which states: "This conveyance is to be
construed under the existing laws of the State of Georgia as a deed passing title,
and not as a mortgage, and is intended to secure the payment of all sums
secured hereby."  (Not. of Removal, Dkt. [1] Ex. B (Security Deed) at 7 of 11.)
Paragraph 22 of the Security Deed says nothing about a notice requirement or a
right to reinstate.  (Id.)

Plaintiffs allegations are confusing and fail to raise a plausible claim for
wrongful foreclosure, particularly with regard to the elements of breach of duty
and causation.  As such, Count II fails to state a claim upon which relief may be
granted and is **DISMISSED**.

9

### 3.    Breach of Covenant or Agreement (Count III)

Count III is a breach of contract claim.  Plaintiffs allege that BANA "failed to honor the terms of the Security Deed."  (Compl., Dkt. [1-1] at 13 of 50.)  Specifically, Plaintiffs allege that BANA "breached the terms of the Security Deed by failing to accelerate pursuant to paragraph 22 of the non-uniform covenant," and as a result, Plaintiffs are "being dispossessed from their property."  (Id.)

Under Georgia law, once the existence of a contract is established, a plaintiff may only recover damages for breach of contract by demonstrating: (1) plaintiff's performance of the contract, (2) defendant's breach of the contract, and (3) the breach caused the plaintiff harm.  Jones v. Central Builders Supply Co., 121 S.E.2d 633, 638 (Ga. 1961) (citations omitted).  Here, Plaintiffs have not asserted any facts to support the conclusion that BANA breached the terms of the Security Deed.  Plaintiffs' only allegation is that Plaintiffs breached paragraph 22 of the Security Deed by failing to accelerate, but even this allegation is insufficient.  Indeed, as with Plaintiffs' claim for wrongful foreclosure, Plaintiffs seem to have misconstrued paragraph 22 of the Security Deed, which says nothing about acceleration.  (Not. of Removal, Dkt. [1] Ex. B

10

(Security Deed) at 7 of 11.)  Consequently, Plaintiffs' claim for breach of contract fails.

Plaintiffs also appear to raise a claim for breach of the covenant of good faith and fair dealing.  (Compl., Dkt. [1-1] at 13 of 50.)  The Court finds that this claim also fails.  Under Georgia law, a plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing unless there is a breach of an express term of the contract.  Morrell v. Wellstar Health Sys., Inc., 633 S.E.2d 68, 72 (Ga. Ct. App. 2006) ("Although each contract . . . contain[s] an implied covenant of good faith and fair dealing in the performance of the contract, there is no independent cause of action for violation of the covenant apart from breach of an express term of the contract.").  Because Plaintiffs have not alleged sufficient facts to show breach of any express contract terms, Plaintiffs may not bring a claim based on the implied covenant of good faith and fair dealing.

For the reasons stated above, Count III fails to state a claim upon which relief may be granted and is **DISMISSED**.

> ### 4.     *Negligent Servicing (Count IV)*

In Count IV, Plaintiffs bring a claim for negligent servicing.  Plaintiffs

11

allege that BANA "owed a duty to Plaintiffs to avoid unreasonable risks of harm arising out of ordinary care to comply with standatd [sic], professional, and responsible practices relating to mortgage lending and servicing."  Plaintiffs go on to conclude that "[BANA] negligently serviced the subject loan," but fail to include any facts regarding BANA's alleged negligent conduct.  Bank Defendants move to dismiss this claim, arguing that Defendants did not owe Plaintiffs a duty outside of their mortgage relationship and that Plaintiffs have failed to allege sufficient facts to support their claim.

Under Georgia law, "[a]bsent a legal duty beyond the contract, no action in tort may lie upon an alleged breach of [a] contractual duty."  See Fielbon Dev. Co., LLC v. Colony Bank of Houston Cty., 660 S.E.2d 801, 808 (Ga. Ct. App. 2008) (internal citations omitted).  Additionally, the Court of Appeals of Georgia has held that a borrower and its secured lender have no relationship beyond that imposed by contract.  Commercial Bank & Trust Co. v. Buford, 243 S.E.2d 637, 638-39 (Ga. Ct. App. 1978) ("[T]he only relationship between [borrower] and the bank was that which arose out of the note and security deed.").

12

The Court agrees with Bank Defendants that Plaintiffs have not adequately stated a claim for negligent servicing because Plaintiffs have not alleged any duty owed to them by Defendants outside of the Security Deed. Furthermore, Plaintiffs have not alleged any facts to support a negligent servicing claim against Bank Defendants.  Absent any factual allegations, the claim does not satisfy the requirements of Rule 8, Twombly, and Iqbal. Therefore, Count IV fails to state a claim upon which relief may be granted and is **DISMISSED**.

> ### 5.    *Fraud (Count V)*

Plaintiffs likewise have failed to state a claim for fraud (Count V).  Under Rule 9(b), a claim for fraud must be pled "with particularity."  Fed. R. Civ. P. 9(b).  To satisfy this requirement, a Plaintiff must allege:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

U.S. ex rel. Clausen v. Lab Corp. Of Am., Inc., 290 F.3d 1301, 1310 (11th Cir. 2002).  That is, to avoid dismissal, a complaint alleging fraud must plead the

13

"who, what, when, where and how" of the alleged fraud.  <u>Mathis v. Velsicol</u>

<u>Chemical Corp.</u>, 786 F. Supp. 971, 976-77 (N.D. Ga. 1991).  In this case,

Plaintiffs have failed to allege facts regarding the "who, what, when, where" or

"how" of the alleged fraud.  Accordingly, Plaintiffs' claim for fraud (Count V)

is **DISMISSED**.

**Conclusion**

In accordance with the foregoing, Defendants' Motions to Dismiss [5]

[13] are **GRANTED**.[2]  Additionally, because this case is dismissed, Plaintiffs'

Motion for Declaratory Relief [3], Motion for Declaratory Relief to Set Aside

Foreclosure for Injunctive Relief and Petition for Quiet Title [9], and Motions

for Temporary Restraining Order [2] [10] are **DENIED AS MOOT**.  Plaintiffs'

Complaint is dismissed with prejudice, and the clerk is directed to close the

case.

The Court notes that Plaintiffs' "Motion in Opposition to Defendants'

Motion to Dismiss Plaintiff's Complaint" [8] is incorrectly styled as a motion

when the document is in fact a response to Bank Defendants' Motion to

---

[2]Defendant BAC Home Loans Servicing, LP no longer exists as a legal entity and is, therefore, **DISMISSED** as a party to this action. (Bank Defs.' Mem.  at n.1).

14

Dismiss [5].  Accordingly, the clerk is **DIRECTED** to terminate the pending status of Plaintiffs' "Motion in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint" [8] and re-style it as a response brief to Bank Defendants' Motion to Dismiss [5].

      **SO ORDERED**, this  26th  day of July, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

15